UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY BLACKMAN, | No. 2:17-cv-1926-JAM EFB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| FRANCISCH P. TISHER, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis (ECF No. 2, 5). After review of plaintiff's litigative history, the court finds, for the reasons stated below, that he is a "three-striker" within the meaning of U.S.C. § 1915(g) and his request must be denied.

Pursuant to Title 28 U.S.C. § 1915(g):

> In no event shall a prisoner bring a civil action . . . [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Court records indicate that plaintiff has previously had at least three cases dismissed at the screening stage for failure to state a claim. Plaintiff's three "strikes" include: *Blackman v. Hartwell*, 1:99-cv-05822 REC HGB P (E.D. Cal.) (dismissed on 3/12/2001 for failure to state a

1

claim); *Blackman v. Medina*, 3:05-cv-05390 SI (N.D. Cal.) (dismissed on 3/13/2006 for failure to state a claim); and *Blackman v. Variz*, 3:06-cv-06398 SI (N.D. Cal.) (dismissed on 12/18/2006 for failure to state a claim).

Plaintiff may only proceed in forma pauperis if his complaint indicates that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1049-1050 (9th Cir. 2007). His current allegations are convoluted and difficult to parse, but the court is able to determine that they do not present a claim of imminent danger.[1] He alleges that: (1) several state superior court judges violated his constitutional rights when they declined to issue an order enforcing plaintiff's First Amendment right to receive a "Walkenhorst Catalog" (ECF No. 4 at 3); (2) defendants Allison and Voong violated his rights by interfering with his prison grievance appeals (*id.*); (3) that unspecified defendants interfered with plaintiff's right to counsel during unspecified proceedings (*id.* at 7); and (4) that unspecified defendants failed to arraign plaintiff within forty-eight hours of an unspecified arrest (*id.*). None of these claims implicate an imminent danger of physical injury.

In light of the foregoing, plaintiff's request to proceed in forma pauperis should be denied. Plaintiff should be granted twenty-one days to pay the filing fee for this action. If he fails to do so, this action should be dismissed.

Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) be denied; and

2. Plaintiff be required to pay the filing of $400.00 in full within twenty-one (21) days of any order adopting these findings and recommendations and admonished that failure to timely comply will result in the dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

---

[1] The court notes that review of plaintiff's complaint raises questions of whether venue in this district is appropriate. Venue is not jurisdictional, however. *See Libby, McNeill, & Libby v. City National Bank*, 592 F.2d 504, 510 (1979).

2

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  July 2, 2018.

                          EDMUND F. BRENNAN
                          UNITED STATES MAGISTRATE JUDGE